IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| MICHAEL D. DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:09CV699-HEH |
| ONEWEST BANK, F.S.B., *et al.* | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss)

This is an action for damages and to quiet title regarding a construction loan. It is presently before the Court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the Court finds the Plaintiff has failed to plead any actionable claims.

### I.

Plaintiff Michael D. Davis ("Davis") brought this action *pro se* in the Goochland County Circuit Court seeking damages against OneWest Bank, FSB ("OneWest"); David Garrett ("Garrett"), an employee of OneWest; and the Federal National Mortgage Association ("Fannie Mae") and to quiet title by removing the lien

securing the Note at issue. In 2007, Plaintiff obtained a construction loan from IndyMac Bank FSB ("IndyMac") for construction of a home in Columbia, Virginia. In July 2008, IndyMac Bank was closed by the Office of Thrift Supervision and all assets were transferred to IndyMac Federal Bank, FSB. All deposits of IndyMac Federal Bank, FSB were then transferred to OneWest.

Although the facts recited by Plaintiff are skeletal, he contends that after making some late payments on the loan, OneWest employees began using oppressive tactics to demand payment. Plaintiff alleges that the Note evidencing the loan was not properly endorsed by IndyMac Federal Bank to OneWest and that OneWest employees stated that Fannie Mae owned the Note. According to Plaintiff, Defendants have refused to provide him with a copy of the Note and Deed of Trust with endorsements. Plaintiff further maintains that he has been subjected to harassment and illegal behavior by OneWest employees, including Defendant Garrett. Plaintiff alleges in Count I that OneWest has violated the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act (RESPA). Plaintiff claims that, as a result, he has experienced mental anguish and "suffering." He asks for $250,000 in compensatory damages and $250,000 in punitive damages from OneWest.

Count II alleges that Garrett used undue influence and fraud to convince Plaintiff to make loan payments. Plaintiff asks for $50,000 in compensatory damages and $50,000 in punitive damages from Garrett.

Count III is a quiet title action regarding the Note and Deed of Trust. Plaintiff asks for a judicial determination that OneWest and Fannie Mae are not holders of the Note and are therefore not entitled to enforce the Note.

Defendant removed the case to this Court on November 4, 2009.

## II.

The Court will commence its analysis by addressing Defendant's argument that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is

entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As Judge Niemeyer noted in *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), this analysis is context-specific and requires the "reviewing court to draw on its judicial experience and common sense." *Id.* at 193. The court also noted in *Giacomelli* that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## B. Discussion

As a preliminary matter, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted).

### 1. Count I

Count I of Plaintiff's Complaint appears to bring an action under the FDCPA and RESPA.[1]

#### a. FDCPA

Congress enacted the FDCPA to protect consumers from unfair debt collection practices. *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87 (4th Cir. 1994). The provisions of the FDCPA apply only to "debt collectors" as defined in 15 U.S.C. § 1692a(6). *Eley v. Evans*, 476 F. Supp. 2d 531, 533 (E.D. Va. 2007). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The term does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." A creditor is not one who "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." § 1692a(4).

---

[1] Defendant argues that Plaintiff also brings a Truth in Lending Act (TILA) claim in Count I and that this claim should be dismissed. Plaintiff, however, claims that he does not bring such a claim. Therefore, the Court will not consider this part of Defendant's motion.

Defendant argues that OneWest is not a "debt collector" under the FDCPA.[2] According to the Complaint, OneWest acquired the Note after IndyMac's closure, not to collect debts for another entity. OneWest is a holder and not a "debt collector" as defined in the FDCPA. Plaintiff therefore fails to plead an actionable claim under the FDCPA against OneWest.

### b. RESPA

Plaintiff alleges that Defendant OneWest "routinely violat[ed] RESPA" without providing any detail as to the provisions of RESPA that OneWest allegedly violated. Plaintiff's only potentially cognizable RESPA claim is that OneWest did not respond to Plaintiff's "qualified written request" as required in 12 U.S.C. § 2605(e). The relevant statutory provision provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

§ 2605(e)(1)(A). The statute further requires the loan servicer to provide the borrower with an explanation or clarification within sixty (60) days from the receipt of the qualified written request. § 2605(e)(2). Plaintiff alleges that he sent a

---

[2] A motion to dismiss for failure to state a claim cannot address the merits of an affirmative defense unless all facts necessary to make the determination are included in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Court finds that the facts necessary to rule on Defendant's argument all appear on the face of Plaintiff's Complaint.

qualified written request to OneWest, which outlined a number of grievances. OneWest apparently received the correspondence on August 31, 2009. Plaintiff states that he received no written response from OneWest but instead received an e-mail from David Garrett and a subsequent telephone call.

Plaintiff filed his Complaint on September 17, 2009, twelve (12) days after OneWest's receipt of the letter on August 31, 2009 (excluding legal public holidays, Saturdays, and Sundays). Plaintiff does not state facts sufficient to support a claim of violating § 2605(e) of RESPA because the twenty-day period for OneWest to acknowledge receipt of the qualified request (or obviously the sixty-day period to resolve the request) had not yet expired at the time the Complaint was filed. Plaintiff thus fails to plead an actionable claim under RESPA.

### 2. Count II

Plaintiff alleges in Count II that Defendant Garrett engaged in undue influence and fraud to intimidate Plaintiff into paying OneWest.

#### A. Undue Influence

The Court is unfamiliar with a claim of undue influence in a case such as the one presently before the Court. Virginia courts have in the past recognized a claim of undue influence as a basis for setting aside a deed. *See, e.g., Tabb v. Willis*, 155 Va. 836, 858, 156 S.E. 556, 536 (1931). In that context, the standard for undue influence is a high one:

> Suggestion and advice, addressed to the understanding and judgment, do not constitute undue influence, nor do solicitations, unless the party be so worn by the importunities that his will gives way. Earnest entreaty, importunity and persuasion may be employed, but if the influence is not irresistible it is not undue, and its existence is immaterial, even though it is yielded to.

*Id.* Plaintiff's allegations of "ominous statements" by Garrett do not constitute anything beyond the use of mere persuasion. Even assuming such legal theory applies in the immediate case, Plaintiff fails to plead a plausible claim of undue influence. First, Plaintiff fails to offer any legal or factual basis for an undue influence claim in the context of a creditor's communications to a debtor. A careful survey of Virginia law yields no reported case supporting the application of such cause of action to the facts at hand. Second, even if a claim of undue influence were legally viable in this context, Plaintiff fails to plead an essential element, namely that Garrett did anything to overbear the free will of Defendant.[3]

### B. Fraud

As mentioned above, a claim of fraud requires a heightened specificity of pleading. A complaint that alleges fraud must allege: false representation of a material fact, made intentionally, which induces reliance on that false representation, and resulting damage. *Klaiber v. Freemason Assocs.*, 266 Va. 478, 485, 587 S.E.2d 555, 558 (2003). The Plaintiff must also state "with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Plaintiff fails to state what material

---

[3]"Undue influence is a species of fraud." *Tabb*, 155 Va. at 858, 156 S.E. at 536. As such, it must be pled with particularity. Fed. R. Civ. P. 9(b).

8

fact(s) Garrett misrepresented, how the Plaintiff relied on this misrepresentation, or what damages Plaintiff suffered. Accordingly, Plaintiff fails to state a claim of fraud.

### 3. Count III

In Count III, Plaintiff seeks declaratory relief nullifying the Note and Deed of Trust encumbering the title to his property. Plaintiff asks to Court to declare that the Note and Deed of Trust "have become null and void due to a broken chain of title and various other violations of law." According to the Supreme Court of Virginia, "in a quiet title action, a plaintiff asks the court to declare that he has good title to the property in question and compels any adverse claimant to prove a competing ownership claim or forever be barred from asserting it." *Maine v. Adams*, 277 Va. 230, 238, 672 S.E.2d 862, 867 (2009). "Before equity will entertain a bill to either quiet title, remove a cloud therefrom, restrain waste, or prevent a multiplicity of suits, it must appear that the complainant has a valid legal title to the land he claims, as well as the right to recover against each and all of the defendant." *Buchanan Co. v. Adkins*, 175 F. 692, 699 (4th Cir. 1909). For the foregoing reasons, the Complaint neither states a viable claim against any of the Defendants nor a legal basis to invalidate the Note or Deed of Trust. Consequently, Plaintiff has not pled an actionable quiet title claim.

### C. Conclusion

In conclusion, Plaintiff fails to state any actionable claims. As such, the Court need not reach a decision on Defendant's other claims for relief.

Accordingly, Counts I, II, and III are dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 11th day of Feb, 2010.
Richmond, VA